UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX LYLE,

        Plaintiff,

v.                                                     Case No. 2:10-cv-339
                                                    HON. ROBERT HOLMES BELL

WILLIAM WARREN, et al,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner Alex Lyle filed this lawsuit against the same defendants asserting the same claims that he had previously asserted in *Lyle v. Warren*, No. 2:08-cv-29. That case was dismissed on September 13, 2010. Plaintiff never filed an appeal of that dismissal. Plaintiff claims that his earlier case was dismissed for failure to exhaust grievance remedies on his Eighth Amendment claims and that he has now exhausted those grievances and re-asserts his Eighth Amendment claims as well as continuing violations of those Eighth Amendment claims against these same defendants.[1] Defendants argue that the previous case was dismissed on the merits and therefore plaintiff's complaint in this matter should be dismissed.

The doctrine of claim preclusion, sometimes referred to as Res Judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have

---

[1] The grievance copies that plaintiff attached to his complaint are all dated in 2007 or 2008.

been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 ( 1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits ; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Plaintiff admits that he is reasserting the same claims against the same defendants. Plaintiff claims that he is asserting a continuing violation of his original claims. Plaintiff's original claims included claims through March 2, 2008. The complaint in this case includes claims through December 2007. Plaintiff's complaint in the instant case alleges at paragraphs 1 through 24 that he was denied medical care between 2006 and 2007. These are the same claims presented in his earlier lawsuit against the same defendants. Plaintiff is not prohibited by the Doctrine of Res Judicata from asserting claims that post date the decision by Judge Edgar dated September 13, 2010. None of plaintiff's current claims post date that decision. In fact, plaintiff is no longer at the same facility where defendants work and was not when he filed the instant complaint in December of 2010. Plaintiff cannot revive old claims by asserting a continuing violation when there are no allegations to support that claim and plaintiff is no longer under the care of these defendants. Plaintiff has not presented a new cause of action.

Plaintiff asserts that the court dismissed his prior complaint for failure to exhaust grievance remedies. While the court did address plaintiff's failure to exhaust his available grievance

procedures, the court considered plaintiff's claims on the merits and issued a judgment granting defendants' motions for summary judgment and dismissing the action. The dismissal was not without prejudice. The court specifically found that defendants Hill and Stephenson were not personally involved in the subject matter of plaintiff's complaint, and that defendants were entitled to the defense of qualified immunity because plaintiff could not factually support his Eighth Amendment claims for denial of medical care. The court went through plaintiff's extensive medical care history and found that no defendant was deliberately indifferent to any of plaintiff's medical needs. See Opinion and Judgment attached.

Accordingly, because plaintiff has not asserted any new claims against these same defendants and is suing on the exact same subject matter that has been addressed by the court previously, it is recommended that this case be dismissed under the doctrine of claim preclusion. Alternatively, if the court decides that claim preclusion should not apply, it is recommended that this action be dismissed on the merits for the same reasons outlined in Judge Edgar's September 13, 2010, Opinion and Judgment in *Lyle v. Warren*, No. 2:08-cv-29, which specifically addressed and extensively analyzed plaintiff's medical care and history.

In summary, in the opinion of the undersigned, plaintiff has failed to sustain his burden of proof in response to defendants' motions to dismiss. Accordingly, it is recommended that defendants' motions to dismiss (Docket #12, #22 and #28) be granted and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the

undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

     /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 17, 2012